MARC J. GROSS, ESQ.
**FOX ROTHSCHILD LLP**
49 Market Street
Morristown, New Jersey 07960
 (973) 992-4800
mgross@foxrothschild.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MATTHEW RICHARDS and MARS MEDIA, LLC, a New Jersey limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>NIK LAMAS-RICHIE, RICHIE MEDIA CORPORATION, a Delaware corporation,  and  RELIC AGENCY, INC., a California corporation,<br><br>Defendants. | Civil Action No. 2:22-cv-01209<br><br>**ANSWER, JURY DEMAND AND COUNTERCLAIM** |

Defendants, Nik Lamas-Richie ("Nik"), Richie Media Corp. ("RMC") and Relic Agency, Inc. ("Relic"), (collectively, "Defendants"), by way of answer to the Complaint of Matthew Richards ("Richards") and Mars Media, LLC ("Mars"), say as follows:

## AS TO THE PARTIES

1.     Defendants are without sufficient information or knowledge to admit or deny the allegations contained in paragraph 1.

2.     Defendants are without sufficient information or knowledge to admit or deny the allegations contained in paragraph 2.

3.      Defendants admit the allegations contained in paragraph 3.

4.      Defendants admit the allegations contained in paragraph 4.

5.      Except to admit that RMC is a corporation formed under the laws of the State of Delaware, with its principal place of business located in Newport Beach, California, Defendants deny the allegations contained in paragraph 5.

6.      Except to admit that Relic had a place of business located in Newport Beach, California, Defendants deny the allegations contained in paragraph 6.

7.      Except to state that Relic was, and RMC is, in the business of providing internet marketing consulting services, Defendants deny the allegations contained in paragraph 7.

## AS TO JURISDICTION AND VENUE

8.      Defendants admit the allegations contained in paragraph 8.

9.      Except to state that Relic had contact with Richards in the State of New Jersey specific to Richards' services to Relic, Defendants deny the allegations contained in paragraph 9.

## AS TO FACTS APPLICABLE TO ALL CLAIMS FOR RELIEF

10.     Defendants admit the allegations contained in paragraph 10.

11.     Defendants admit the allegations contained in paragraph 11.

12.     Defendants admit the allegations contained in paragraph 12.

13.     Defendants deny the allegations contained in paragraph 13.

14.     Defendants deny the allegations contained in paragraph 14.

15.     Defendants deny the allegations contained in paragraph 15.

16.     Defendants deny the allegations contained in paragraph 16.

17.     Except to state that Richards started Mars, Defendants deny the allegations contained in paragraph 17.

18.     Except to state that the parties' agreement speaks for itself, Defendants deny the allegations contained in paragraph 18.

19.      Except to state that the parties' agreement speaks for itself, Defendants deny the allegations contained in paragraph 19.

20.     Except to state that the parties entered into a written agreement, which speaks for itself, Defendants deny the allegations contained in paragraph 20.

21.     Except to state that the parties' agreement speaks for itself, Defendants deny the allegations contained in paragraph 21.

22.     Except to state that the parties' agreement speaks for itself, Defendants deny the allegations contained in paragraph 22.

23.     Except to state that the parties' agreement speaks for itself, Defendants deny the allegations contained in paragraph 23.

24.     Except to state that the parties' agreement speaks for itself, Defendants deny the allegations contained in paragraph 24.

25.     Except to state that the parties' agreement speaks for itself, Defendants deny the allegations contained in paragraph 25.

26.     Except to state that the parties' agreement speaks for itself, Defendants deny the allegations contained in paragraph 26.

27.     Except to state that the parties' agreement speaks for itself, Defendants deny the allegations contained in paragraph 27.

28.     Except to state that the parties' agreement speaks for itself, Defendants deny the allegations contained in paragraph 28.

136615180.1

29.     Except to state that the parties' agreement speaks for itself, Defendants deny the allegations contained in paragraph 29.

30.     Except to state that the parties' agreement speaks for itself, Defendants deny the allegations contained in paragraph 30.

31.     Except to state that the parties' agreement speaks for itself, Defendants deny the allegations contained in paragraph 31.

32.     Defendants deny the allegations contained in paragraph 32.

33.     Defendants deny the allegations contained in paragraph 33.

34.     Defendants deny the allegations contained in paragraph 34.

35.     Except to state that the parties' agreement speaks for itself, Defendants deny the allegations contained in paragraph 35.

36.     Defendants deny the allegations contained in paragraph 36.

37.     Defendants deny the allegations contained in paragraph 37.

38.     Defendants deny the allegations contained in paragraph 38.

39.     Defendants deny the allegations contained in paragraph 39.

40.     Defendants deny the allegations contained in paragraph 40.

41.     Defendants deny the allegations contained in paragraph 41.

42.     Except to state that Nik asked to see the books relative to monies due him under the parties' agreement, Defendants deny the allegations contained in paragraph 42.

43.     Defendants deny the allegations contained in paragraph 43.

44.     Defendants deny the allegations contained in paragraph 44.

45.     Defendants deny the allegations contained in paragraph 45.

46.     Except to state that Plaintiffs terminated the agreement, Defendants deny the allegations contained in paragraph 46.

47.     Defendants deny the allegations contained in paragraph 47.

48.     Defendants deny the allegations contained in paragraph 44.

49.     Except to state that the referenced communication speaks for itself, Defendants deny the allegations contained in paragraph 49.

50.     Defendants deny the allegations contained in paragraph 50.

51.     Defendants deny the allegations contained in paragraph 51.

52.     Defendants deny the allegations contained in paragraph 52.

53.     Defendants deny the allegations contained in paragraph 53.

54.     Except to state that the referenced communications speak for themselves, Defendants deny the allegations contained in paragraph 54. OR DENY

55.     Defendants deny the allegations contained in paragraph 55.

56.     Defendants deny the allegations contained in paragraph 56.

57.     Defendants deny the allegations contained in paragraph 57.

### AS TO THE FIRST CLAIM FOR RELIEF
(Account Stated Against Relic and Richie)

58.     Defendants repeat and reiterate their answers to the allegations contained in the preceding paragraphs, as if fully set forth herein at length.

59.     Except to state that Richards provided services to Relic, Defendants deny the allegations contained in paragraph 59.

60.     Defendants deny the allegations contained in paragraph 60.

61.     Defendants deny the allegations contained in paragraph 61.

62.     Defendants deny the allegations contained in paragraph 62.

136615180.1

63.     Defendants deny the allegations contained in paragraph 63.

## AS TO THE SECOND CLAIM FOR RELIEF
(Book Account Against Relic and Richie)

64.     Defendants repeat and reiterate their answers to the allegations contained in the First Count, as if fully set forth herein at length.

65.     Defendants deny the allegations contained in paragraph 65.

66.     Defendants deny the allegations contained in paragraph 66.

67.     Defendants deny the allegations contained in paragraph 67.

68.     Defendants deny the allegations contained in paragraph 68.

69.     Defendants deny the allegations contained in paragraph 69.

## AS TO THE THIRD CLAIM FOR RELIEF
(Breach of Contract Against Defendants)

70.     Defendants repeat and reiterate their answers to the allegations contained in the First and Second Counts, as if fully set forth herein at length.

71.     Defendants deny the allegations contained in paragraph 71.

72.     Defendants deny the allegations contained in paragraph 72.

73.     Defendants deny the allegations contained in paragraph 73.

74.     Defendants deny the allegations contained in paragraph 74.

## AS TO THE FOURTH CLAIM FOR RELIEF
(Tortious Interference With Prospective Economic Advantage Against Defendants)

75.     Defendants repeat and reiterate their answers to the allegations contained in the First through Third Counts, as if fully set forth herein at length.

76.     Defendants deny the allegations contained in paragraph 76.

77.     Defendants deny the allegations contained in paragraph 77.

78.     Defendants deny the allegations contained in paragraph 78.

136615180.1

79.     Defendants deny the allegations contained in paragraph 79.

80.     Defendants deny the allegations contained in paragraph 80.

### AS TO THE FIFTH CLAIM FOR RELIEF
(Tortious Interference with Contractual Relations Against Defendants)

81.     Defendants repeat and reiterate their answers to the allegations contained in the First through Fourth Counts, as if fully set forth herein at length.

82.     Defendants deny the allegations contained in paragraph 82.

83.     Defendants deny the allegations contained in paragraph 83.

84.     Defendants deny the allegations contained in paragraph 84.

85.     Defendants deny the allegations contained in paragraph 85.

86.     Defendants deny the allegations contained in paragraph 86.

87.     Defendants deny the allegations contained in paragraph 87.

### AS TO THE SIXTH CLAIM FOR RELIEF
(Unjust Enrichment Against Richards and Relic)

88.     Defendants repeat and reiterate their answers to the allegations contained in the First through Fifth Counts, as if fully set forth herein at length.

89.     Defendants deny the allegations contained in paragraph 89.

90.     Defendants deny the allegations contained in paragraph 90.

91.     Defendants deny the allegations contained in paragraph 91.

92.     Defendants deny the allegations contained in paragraph 92.

### AS TO THE SEVENTH CLAIM FOR RELIEF
(Quantum Meruit Against Defendants)

93.     Defendants repeat and reiterate their answers to the allegations contained in the First through Sixth Counts, as if fully set forth herein at length.

94.     Defendants deny the allegations contained in paragraph 94.

7

95.     Defendants deny the allegations contained in paragraph 95.

96.     Defendants deny the allegations contained in paragraph 96.

## AS TO THE EIGHTH CLAIM FOR RELIEF
(Injunctive Relief Against Defendants)

97.     Defendants repeat and reiterate their answers to the allegations contained in the First through Seventh Counts, as if fully set forth herein at length.

98.     Except to state that the parties' agreement speaks for itself, Defendants deny the allegations contained in paragraph 98.

99.     Except to state that the parties' agreement speaks for itself, Defendants deny the allegations contained in paragraph 99.

100.    Defendants deny the allegations contained in paragraph 100.

101.    Defendants deny the allegations contained in paragraph 101.

## AS TO THE NINTH CLAIM FOR RELIEF
(Declaratory Judgment Against Defendants)

102.    Defendants repeat and reiterate their answers to the allegations contained in the First through Eighth Counts, as if fully set forth herein at length.

103.    Defendants neither admit nor deny paragraph 103 as it states a legal conclusion to which no response is required.

104.    Defendants neither admit nor deny paragraph 104 as it states a legal conclusion to which no response is required.

105.    Defendants deny the allegations contained in paragraph 105.

106.    Defendants deny the allegations contained in paragraph 106.

136615180.1

## AS TO THE TENTH CLAIM FOR RELIEF
(Breach of the Implied Covenant
of Good Faith and Fair Dealing Against Defendants)

107.   Defendants repeat and reiterate their answers to the allegations contained in the First through Ninth Counts, as if fully set forth herein at length.

108.   Defendants neither admit nor deny paragraph 108 as it states a legal conclusion to which no response is required.

109.   Defendants neither admit nor deny paragraph 109 as it states a legal conclusion to which no response is required.

110.   Defendants neither admit nor deny paragraph 110 as it states a legal conclusion to which no response is required.

111.   Defendants deny the allegations contained in paragraph 111.

112.   Defendants deny the allegations contained in paragraph 112.

## AS TO THE ELEVENTH FORM OF RELIEF
(Promissory Estoppel Against Defendants)

113.   Defendants repeat and reiterate their answers to the allegations contained in the First through Tenth Counts, as if fully set forth herein at length.

114.   Defendants deny the allegations contained in paragraph 114.

115.   Defendants deny the allegations contained in paragraph 115.

116.   Defendants deny the allegations contained in paragraph 116.

## AS TO THE TWELFTH FORM OF RELIEF
(Libel and Slander Against Richie)

117.   Defendants repeat and reiterate their answers to the allegations contained in the First through Eleventh Counts, as if fully set forth herein at length.

118.   Defendants deny the allegations contained in paragraph 118.

136615180.1

119.    Defendants deny the allegations contained in paragraph 119.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, in that they fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by reason of recoupment.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by reason of its own negligence or other wrongful, unlawful or unpermitted conduct.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by reason of its breach of the agreements with Defendants.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by reason of the course of conduct of third parties over whom the Defendants had no control.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by reason of novation.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by reason of mistake.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by reason of its frustration/prevention of performance and/or impossibility of performance.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by reason of the statute of frauds.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by reason of the applicable statute of limitations.

## SIXTEENTH AFFIRMATIVE DEFENSE

Any non-performance under the contract by Defendants is excused as a result of Plaintiffs' breaches of contract.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by reason of Defendants' own unlawful conduct and/or fraudulent conduct.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the injuries and damages alleged by Defendants were caused solely by the acts or omissions of Defendants and/or other persons, and no injuries or damages were proximately caused or contributed to in any way by any act or omission of Plaintiffs.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by Defendants' own material breaches of contract.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Defendants have suffered no damages as a result of Plaintiffs' acts or omissions.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are because at all times relevant to this action, Plaintiff acted in good faith and without fraud, malice, or any intent to damage or harm Defendants.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Defendants' failure to mitigate any alleged damages.  With respect to the purported causes of action, Defendants have failed to exercise reasonable diligence to mitigate its alleged damages and/or injuries.  Accordingly, Defendants may not recover damages, or their damages are substantially diminished.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by Defendants' prior breach of the agreements, excusing any duty of further performance by Plaintiffs.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of set-off.

136615180.1

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by Defendants' fraudulent inducements.

**WHEREFORE**, defendants Nik Lamas-Richie, Richie Media Corp. and Relic Agency, Inc., demand judgment dismissing the Complaint with prejudice, together with costs and such other and further relief as the Court deems equitable and just.

## COUNTERCLAIM

Defendants/Counterclaimants Nik Lamas-Richie ("Nik"), Richie Media Corp. (RMC") and Relic Agency, Inc. ("Relic"), (collectively, "Defendants"), by way of Counterclaim against plaintiffs Matthew Richards ("Richards") and Mars Media, LLC ("Mars"), say as follows:

1.      Defendants repeat and reiterate their Answer and Affirmative Defenses to the Complaint as if set forth fully herein.

## THE PARTIES

2.      Nik is a resident of the State of California, residing in Newport Beach.  Nik is the sole owner of Relic and RMC.

3.      Relic is a corporation formed under the laws of the State of California, with a principal place of business located in Newport Beach, California.  Relic was in the business of providing internet marketing consulting services.

4.      RMC is a corporation formed under the laws of the State of Delaware, with its principal place of business located in Newport Beach, California.  Nik, through RMC, provided services to Mars.

5.      Richards is a New Jersey resident, residing at 234 Virginia Street, Westfield. Richards is the sole owner of defendant, Mars.

136615180.1

6.      Mars is a New Jersey limited liability company with a principal place of business located at 234 Virginia Street, Westfield, New Jersey.  Upon information and belief, Matt owns 100% of the membership interests in Mars.  Mars is in the business of providing internet marketing consulting services.

## JURISDICTION AND VENUE

7.      This is an action seeking declaratory relief and compensatory damages.  This Court has jurisdiction over this action based upon diversity of citizenship, pursuant to 28 *U.S.C.* § 1332. The amount in controversy involves the parties' contractual agreements and the value of those contracts exceed seventy-five thousand dollars ($75,000), exclusive of interest and costs.   In addition, Defendants/Counterclaimants have suffered damages in excess of seventy-five thousand dollars ($75,000).

8.      Venue is proper in this District pursuant to 28 *U.S.C.* § 1391 as Plaintiffs conduct business in this District, and a substantial part of the events giving rise to the claims occurred in this District.

## FACTUAL ALLEGATIONS

9.      Relic was engaged in the busines of providing internet marketing consulting services to celebrities and other high profile individuals with the goal of enhancing its clients' social media and internet presence.

10.     In or about 2017, Relic engaged Richards as an independent contractor.

11.     In or about the end of 2021, the parties agreed to change their relationship, where Richards would commence his own internet marketing services business, and Nik and/or Relic would provide consulting services to Richards and his newly formed venture, Mars.

14

12.     Thus, Nik, Relic, Richards, Mars, and RMC entered into an Agreement, effective as of December 8, 2021 (the "Agreement"), pursuant to which the parties agreed that Richards would cease providing independent contracting services to Relic, and Nik would provide independent contracting services to Mars.

13.     Pursuant to the Agreement, Nik served as an independent contractor, through RMC for Mars for a one-year period, commencing January 1, 2022, in return for payment of fifty (50%) percent of Mars' net profits, on a monthly basis, as that term is defined in the Agreement.

14.     Pursuant to the terms of the Agreement, Mars had the right to, and did, withhold payments from RMC for Nik's services, for an amount up to the total of the Outstanding Compensation due to Richards.

15.     In addition to the duties and responsibilities outlined in the Agreement, Nik and Relic agreed that Relic would cease operations, and would not compete with Mars as of January 1, 2022.

16.     Relic ceased operations on or before December 31, 2021, and Nik began providing services to Mars as of January 1, 2022.

17.     Shortly thereafter, Nik learned that Richards had, prior to the agreement, and without Relic's knowledge or consent, unlawfully gained access to Relic's confidential customer list, including the user names and passwords to access the social media accounts for which Relic had the responsibility for creating content, including Facebook and Instagram pages, to steal and convert to himself and Mars, Relic's confidential information and property, which Mars continues to unlawfully use and from which it derives income (the "Confidential Information").

18.     Having seized for himself and Mars all of Relic's Confidential Information, Richards and Mars obviously no longer required Nik's consulting services.

19.     Thus, by correspondence dated January 21, 2022, Plaintiffs sought to terminate the Agreement for Cause, which termination was clearly contrived and without a factual basis.

20.     Specifically, Nik has not:

(a)     engaged or participated in a competing business;

(b)     become associated with a competing business;

(c)     induced or attempt to induce any person to leave Mars' employ or otherwise interfere with the relationship between Mars and its employees;

(d)     solicited any employee of Mars;

(e)     solicited or attempted to solicit any customer or client of Mars;

(f)     solicited or attempt to solicit orders for services substantially similar to those services offered by Mars.

21.     Plaintiffs' purported termination of the Agreement was a material breach of the Agreement.

22.     As a result of Richards' theft of Relic's Confidential Information, and other unlawful acts in breach of the Agreement, and Mars' wrongful termination of the Agreement, Nik has been denied financial and other benefits due to him under the Agreement.

23.     As a result of the foregoing unlawful course of conduct, Defendants/Counterclaimants have suffered and continue to suffer irreparable harm and damages.

## COUNT ONE
### (Declaratory Judgment)

20.     Defendants incorporate by reference the allegations in the preceding paragraphs of the Counterclaim as though set forth herein at length.

21.     Based upon the foregoing, there exists an actual bona fide controversy as to Plaintiffs' purported termination of the Agreement, as well as the parties' status and rights as a result thereof.

16

136615180.1

22.     Accordingly, Defendants seek a declaration from this Court under *N.J.S.A.* 2A:16-50 *et seq.*, declaring and adjudicating that Plaintiffs' termination of the Agreement was without cause and a breach of the Agreement.

**WHEREFORE**, Defendants/counterclaimants Nik Lamas-Richie, Relic Agency Inc. and Richie Media Corp., request entry of judgment in their favor, and against Matthew Richards and Mars Media, LLC, jointly and severally, as follows:

a)     Declaring that Plaintiffs are in material breach of the Agreement;

b)     Declaring that the restrictive covenants in the Agreement, including the covenants not to compete or solicit, null and void and of no further legal effect;

c)     Compelling and Ordering the immediate return of Relic's property, including but not limited to its Facebook and Instagram pages;

d)     For damages, including consequential damages;

e)     For costs, interest, and reasonable attorneys' fees;

f)     Pre and post judgment interest; and

g)     For such other and further relief as the Court may deem equitable and just.

### COUNT TWO
**(Conversion)**

23.     Defendants incorporate by reference the allegations in Count One of the Counterclaim as though set forth herein at length.

24.     Plaintiffs have willfully and wrongfully exercised dominion and control over Relic's property without Relic's consent or authorization.

25.     As a direct and proximate cause of Plaintiffs' conversion, Defendants have suffered, and will continue to suffer, irreparable harm and damages.

**WHEREFORE**, Defendants/counterclaimants Nik Lamas-Richie, Relic Agency Inc. and Richie Media Corp., request entry of judgment in their favor, and against Matthew Richards and Mars Media, LLC, jointly and severally, as follows:

a)      Declaring that Plaintiffs are in material breach of the Agreement;

b)      Declaring that the restrictive covenants in the Agreement, including the covenants not to compete or solicit, null and void and of no further legal effect;

c)      Compelling and Ordering the immediate return of Relic's property, including but not limited to its Facebook and Instagram pages;

d)      For compensatory damages, punitive damages and consequential damages;

e)      For costs, interest, and reasonable attorneys' fees;

f)      For pre and post judgment interest; and

g)      For such other and further relief as the Court may deem equitable and just.

<u>**COUNT THREE**</u>
**(Breach of Contract)**

26.      Defendants incorporate by reference the allegations in Counts One and Two of the Counterclaim as though set forth herein at length.

27.      As set forth above, Plaintiffs have breached the Agreement by, *inter alia*, unlawfully terminating the Agreement, and by stealing and/or converting Relic's property for themselves.

28.      As a direct and proximate result of Plaintiffs' breach of the Agreement, Defendants have suffered and continue to suffer irreparable harm and damages.

**WHEREFORE**, Defendants/counterclaimants Nik Lamas-Richie, Relic Agency Inc. and Richie Media Corp., request entry of judgment in their favor, and against Matthew Richards and Mars Media, LLC, jointly and severally, as follows:

18

a)      Declaring that Plaintiffs are in material breach of the Agreement;

b)      Declaring that the restrictive covenants in the Agreement, including the covenants not to compete or solicit, null and void and of no further legal effect;

c)      Compelling and Ordering the immediate return of Relic's property, including but not limited to its Facebook and Instagram pages;

d)      For compensatory damages, including consequential damages;

e)      For costs, interest, and reasonable attorneys' fees;

f)      For pre and post judgment interest; and

g)      For such other and further relief as the Court may deem equitable and just.

## COUNT FOUR
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

29.     Defendants incorporate by reference the allegations in Counts One through Three of the Counterclaim as though set forth herein at length.

30.     As set forth above, Plaintiffs have committed unlawful acts, and have acted in bad faith in breach of their obligations of good faith and fair dealing.

31.     As a direct and proximate result of Plaintiffs' breaches of his obligations of good faith and fair dealing, Defendants have suffered and continue to suffer irreparable harm and damages.

**WHEREFORE**, Defendants/counterclaimants Nik Lamas-Richie, Relic Agency Inc. and Richie Media Corp., request entry of judgment in their favor, and against Matthew Richards and Mars Media, LLC, jointly and severally, as follows:

a)      Declaring that Plaintiffs are in material breach of the Agreement;

b)      Declaring that the restrictive covenants in the Agreement, including the covenants not to compete or solicit, null and void and of no further legal effect;

19

c)      Compelling and Ordering the immediate return of Relic's property, including but not limited to its Facebook and Instagram pages;

d)      For compensatory damages, including consequential damages;

e)      For costs, interest, and reasonable attorneys' fees;

f)      For pre and post judgment interest; and

g)      For such other and further relief as the Court may deem equitable and just.

## COUNT FIVE
### (Tortious Interference with a Prospective Economic Advantage)

32.     Defendants incorporate by reference the allegations in the Counts One through Four of the Counterclaim as though set forth herein at length.

33.     Defendants had a reasonable expectation of economic gain, including an expectation of receiving compensation for Nik's services and to satisfy certain obligations, including the Outstanding Compensation and Outstanding Loan Amount due under the Agreement, and the value of Relic's property.

34.     As set forth above, Richards and Mars intentionally and maliciously interfered with Nik's expectation of economic gain by *inter alia*, taking Relic's assets, including the Confidential Information for themselves.

35.     Plaintiffs' interference with Defendants' prospective economic advantage was not lawfully justified and is fraudulent, dishonest, and/or unlawful.

36.     Plaintiffs' conduct has been intentional, willful, wanton, and undertaken with the purpose of enriching themselves at the expense of Defendants.

37.     As a direct and proximate cause of Plaintiffs' tortious interference with prospective economic advantage, Defendants have suffered and continue to suffer irreparable harm and damages.

**WHEREFORE**, Defendants/counterclaimants Nik Lamas-Richie, Relic Agency Inc. and Richie Media Corp., request entry of judgment in their favor, and against Matthew Richards and Mars Media, LLC, jointly and severally, as follows:

a) Declaring that Plaintiffs are in material breach of the Agreement;

b) Declaring that the restrictive covenants in the Agreement, including the covenants not to compete or solicit, null and void and of no further legal effect;

c) Compelling and Ordering the immediate return of Relic's property, including but not limited to its Facebook and Instagram pages;

d) For compensatory damages, punitive damages and consequential damages;

e) For costs, interest, and reasonable attorneys' fees;

f) For pre and post judgment interest; and

g) For such other and further relief as the Court may deem equitable and just.

**COUNT SIX**
**(Unjust Enrichment)**

38. Defendants incorporate by reference the allegations in Counts One through Five of the Counterclaim as though set forth herein at length.

39. By reason of the foregoing, Plaintiffs have been unjustly enriched.

**WHEREFORE**, Defendants/counterclaimants Nik Lamas-Richie, Relic Agency Inc. and Richie Media Corp., request entry of judgment in their favor, and against Matthew Richards and Mars Media, LLC, jointly and severally, as follows:

a) Declaring that Plaintiffs are in material breach of the Agreement;

b) Declaring that the restrictive covenants in the Agreement, including the covenants not to compete or solicit, null and void and of no further legal effect;

c) Compelling and Ordering the immediate return of Relic's property, including but not limited to its Facebook and Instagram pages;

21

d)      For compensatory damages, including consequential damages;

e)      For costs, interest, and reasonable attorneys' fees;

f)      For pre and post judgment interest; and

g)      For such other and further relief as the Court may deem equitable and just.

## COUNT SEVEN
### (Violation of the N.J. Trade Secrets Act)

40.    Defendants incorporate by reference the allegations in Counts One through Six of the Counterclaim as though set forth herein at length.

41.    Defendants' Confidential Information including customer contact information, usernames and passwords, has economic value and are not generally known outside of Defendants and are the culmination of years of development.  Accordingly, Defendants' confidential information and proprietary information constitutes a trade secret under the New Jersey Trade Secrets Act, *N.J.S.A.* 56:15-1 *et seq.* (the "Act").

42.    Defendants made reasonable efforts to ensure that their Confidential Information and proprietary information remained a secret.

43.    Plaintiffs maliciously and willfully collected, obtained, are using Defendants' trade secrets in violation of the Act.

44.    Plaintiffs' conduct is wrongful and was committed maliciously, fraudulently and oppressively, with the wrongful intention of injuring Defendants and with willful and conscious disregard of Defendants' rights.

45.    Defendants have suffered, and continue to suffer, irreparable harm and damages as a consequence of Plaintiffs' misappropriation, conversation and exploitation of Defendants' trade secrets.

22

**WHEREFORE**, Defendants/counterclaimants Nik Lamas-Richie, Relic Agency Inc. and Richie Media Corp., request entry of judgment in their favor, and against Matthew Richards and Mars Media, LLC, jointly and severally, as follows:

a)   An injunction pursuant to N.J.S.A. 56:15-3, immediately and permanently enjoining and restraining Plaintiffs from utilizing, disseminating, providing, or otherwise making available any confidential information that reflects, relates to, or otherwise concerns Defendants to any third party;

b)   Directing Plaintiffs to cease using and return any confidential information that reflects, relates to, or otherwise concerns the Defendants that is in their possession, custody, or control, and to identify any third party to whom they have disseminated such information;

c)   An injunction, prohibiting Plaintiffs from servicing and/or soliciting any of Defendants' customers or prospects;

d)   An injunction, prohibiting Plaintiffs from continuing to possess or use Defendants' confidential and trade secret information;

e)   For an award of Defendants' actual damages and lost profits they have sustained as a result of the Plaintiffs' unlawful acts, and to recover from Plaintiffs the gains, profits and advantages Plaintiffs have attained as a result of the wrongful conduct alleged herein.

f)   For an order awarding Defendants their attorneys' fees and costs.

g)   Declaring that Plaintiffs are in material breach of the Agreement;

h)   Declaring that the restrictive covenants in the Agreement, including the covenants not to compete or solicit, null and void and of no further legal effect;

i)   Compelling and Ordering the immediate return of Relic's property, including but not limited to its Facebook and Instagram pages;

j)   For compensatory damages, including consequential damages;

k)   For costs, interest, and reasonable attorneys' fees;

l)   For pre and post judgment interest; and

m)   For such other and further relief as the Court may deem equitable and just.

136615180.1

## COUNT EIGHT
### (Misappropriation of Confidential Information)

46.     Defendants incorporate by reference the allegations in Counts One through Seven of the Counterclaim as though set forth herein at length.

47.     Defendants' Confidential Information constitutes a trade secret.

48.     Defendants have reasonable procedures and precautions to maintain the secrecy of their Confidential information.

49.     Plaintiffs maliciously and willfully disclosed, shared, and misappropriated Defendants' Confidential Information.

50.     As a direct and proximate result of the Plaintiffs' misappropriation of Defendants' Confidential Information, Defendants have suffered and continue to suffer irreparable harm and damages.

**WHEREFORE**, Defendants/counterclaimants Nik Lamas-Richie, Relic Agency Inc. and Richie Media Corp., request entry of judgment in, and against Matthew Richards and Mars Media, LLC, jointly and severally, as follows:

a)     An injunction pursuant to *N.J.S.A.* 56:15-3, immediately and permanently enjoining and restraining Plaintiffs from utilizing, disseminating, providing, or otherwise making available any confidential information that reflects, relates to, or otherwise concerns Defendants to any third party;

b)     Directing Plaintiffs to cease using and return any confidential information that reflects, relates to, or otherwise concerns the Defendants that is in their possession, custody, or control, and to identify any third party to whom they have disseminated such information;

c)     An injunction, prohibiting Plaintiffs from servicing and/or soliciting any of Defendants' customers or prospects;

d)     An injunction, prohibiting Plaintiffs from continuing to possess or use Defendants' confidential and trade secret information;

e)      For an award of Defendants' actual damages and lost profits they have sustained as a result of the Plaintiffs' unlawful acts, and to recover from Plaintiffs the gains, profits and advantages Plaintiffs have attained as a result of the wrongful conduct alleged herein.

f)      For an order awarding Defendants their attorneys' fees and costs.

g)      Declaring that Plaintiffs are in material breach of the Agreement;

h)      Declaring that the restrictive covenants in the Agreement, including the covenants not to compete or solicit, null and void and of no further legal effect;

i)      Compelling and Ordering the immediate return of Relic's property, including but not limited to its Facebook and Instagram pages;

j)      For compensatory damages, including consequential damages;

k)      For costs, interest, and reasonable attorneys' fees;

l)      For pre and post judgment interest; and

m)      For such other and further relief as the Court may deem equitable and just.

## COUNT NINE
### (Misrepresentation)

51.      Defendants incorporate by reference the allegations in Counts One through Eighth of the Counterclaim as though set forth herein at length.

52.      Plaintiffs represented to Defendants that Plaintiffs would keep confidential Defendants' Confidential Information and would enter into the Agreement for Nik to serve as a consultant for at least one year.

53.      Plaintiffs made those representations to Defendants knowing that they were false, and to induce Defendants to enter into the Agreement, and to cease doing business as Relic.

54.      Plaintiff made those representations with the intention that Defendants would rely upon Plaintiffs' representations.

136615180.1

55.     Defendants relied upon Plaintiffs' representation by entering into the Agreement and by their cessation of doing business as Relic.

56.     As a direct and proximate result of Defendants' reliance upon Plaintiffs' misrepresentations, Defendants have suffered and continue to suffer irreparable harm and damages.

**WHEREFORE**, Defendants/counterclaimants Nik Lamas-Richie, Relic Agency Inc. and Richie Media Corp., request entry of judgment in, and against Matthew Richards and Mars Media, LLC, jointly and severally, as follows:

a)   Declaring that the restrictive covenants in the Agreement, including the covenants not to compete or solicit, null and void and of no further legal effect;

b)   For recission of the Agreement.

c)   Compelling and Ordering the immediate return of Relic's property, including but not limited to its Facebook and Instagram pages;

d)   For compensatory damages, punitive damages and consequential damages;

e)   For costs, interest, and reasonable attorneys' fees;

f)   For pre and post judgment interest; and

g)   For such other and further relief as the Court may deem equitable and just.

## COUNT TEN
### (Negligent Misrepresentation)

57.     Defendants incorporate by reference the allegations in Counts One through Nine of the Counterclaim as though set forth herein at length.

58.     As a direct and proximate result of Plaintiffs' negligent misrepresentations, Defendants have suffered and continue to suffer irreparable harm and damages.

**WHEREFORE**, Defendants/counterclaimants Nik Lamas-Richie, Relic Agency Inc. and

Richie Media Corp., request entry of judgment in, and against Matthew Richards and Mars Media, LLC, jointly and severally, as follows:

    a)    Declaring that Plaintiffs are in material breach of the Agreement;

    b)    Declaring that the restrictive covenants in the Agreement, including the covenants not to compete or solicit, null and void and of no further legal effect;

    c)    Compelling and Ordering the immediate return of Relic's property, including but not limited to its Facebook and Instagram pages;

    d)    For compensatory and consequential damages;

    e)    For costs, interest, and reasonable attorneys' fees;

    f)    For pre and post judgment interest; and

    g)    For such other and further relief as the Court may deem equitable and just.

### COUNT ELEVEN
**(Unfair Competition)**

59.    Defendants incorporate by reference the allegations in Counts One through Ten of the Counterclaim as though set forth herein at length.

60.    As set forth at length above, Plaintiffs acts of utilizing Defendants' confidential information to unlawfully compete constitutes common law unfair competition.

61.    As a direct and proximate result of Plaintiffs' unfair competition, Defendants have suffered and continue to suffer irreparable harm and damages.

**WHEREFORE**, Defendants/counterclaimants Nik Lamas-Richie, Relic Agency Inc. and Richie Media Corp., request entry of judgment in, and against Matthew Richards and Mars Media, LLC, jointly and severally, as follows:

    a)    An injunction pursuant to *N.J.S.A.* 56:15-3, immediately and permanently enjoining and restraining Plaintiffs from utilizing, disseminating, providing, or otherwise making available any confidential information that reflects, relates to, or otherwise concerns Defendants to any third party;

27

b)    Directing Plaintiffs to cease using and return any confidential information that reflects, relates to, or otherwise concerns the Defendants that is in their possession, custody, or control, and to identify any third party to whom they have disseminated such information;

c)    An injunction, prohibiting Plaintiffs from servicing and/or soliciting any of Defendants' customers or prospects;

d)    An injunction, prohibiting Plaintiffs from continuing to possess or use Defendants' confidential and trade secret information;

e)    For an award of Defendants' actual damages and lost profits they have sustained as a result of the Plaintiffs' unlawful acts, and to recover from Plaintiffs the gains, profits and advantages Plaintiffs have attained as a result of the wrongful conduct alleged herein.

f)    For an order awarding Defendants their attorneys' fees and costs.

g)    Declaring that Plaintiffs are in material; breach of the Agreement;

h)    Declaring that the restrictive covenants in the Agreement, including the covenants not to compete or solicit, null and void and of no further legal effect;

i)    Compelling and Ordering the immediate return of Relic's property, including but not limited to its Facebook and Instagram pages;

j)    For compensatory damages, including consequential damages;

k)    For costs, interest, and reasonable attorneys' fees;

l)    For pre and post judgment interest; and

m)    For such other and further relief as the Court may deem equitable and just.


## <u>JURY DEMAND</u>

Defendants hereby demand a trial by jury as to all issues so triable.

28

## <u>DESIGNATION OF TRIAL COUNSEL</u>

Marc J. Gross, Esq. is hereby designated as trial counsel for the within matter.

**FOX ROTHSCHILD LLP**

Dated: August 9, 2022

MARC J. GROSS, ESQ.
49 Market Street
Morristown, NJ 07960
(973) 992-4800
*Attorneys for Defendants/Counterclaimants*

29

136615180.1